IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL L SMITH,

    Petitioner,                    No. 2:12-cv-1865 JAM CKD P

    vs.

C. GIPSON,

    Respondent.                 <u>ORDER</u> AND

                              /        <u>FINDINGS & RECOMMENDATIONS</u>

        Petitioner is a state prisoner proceeding pro se. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition that petitioner is not entitled to the relief he seeks.

Petitioner challenges the constitutionality of California's Three Strikes Law, under which he was sentenced in February 2002. He asserts that his claim "relates to a pure question of law that can be resolved without reference to the sentencing record developed in the trial court[.]" (Dkt. No. 1 ("Ptn.") at 5.)[1] He further "asserts that the thrust of his [petition] turns upon the direct challenge to the State of California's making and enforcement of the TSL, in violation of the Constitution of the United States[.]" (Id. at 10.) Petitioner argues that the Three Strikes Law violates the ex post facto clause and that his sentence pursuant to Three Strikes constitutes unlawful double jeopardy. (Id. at 15-16.) He complains that Three Strikes is largely applied to African-American and Hispanic criminal defendants. (Id. at 24.) Among other relief, he asks the court to "declare California's TSL void retroactively because enforcing the TSL violates the Constitution[.]" (Id. at 29.)

Petitioner's arguments are meritless. Petitioner's triggering offense – sale of cocaine – was committed in 2000, years after the Three Strikes law was enacted and went into effect in 1994. Thus, petitioner had ample warning that his earlier convictions could be used as "strikes" to increase the sentence for any subsequent felony, and the enhancement of petitioner's current sentence based on the Three Strikes law was neither unexpected nor unconstitutional. See Echols v. Pliler, 2010 WL 4179665, at *6 (C.D. Cal. June 2, 2010), citing Parke v. Raley, 506 U.S. 20, 27 (1992) ("[W]e have repeatedly upheld recidivism statutes against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.") (internal citations omitted); see also United States v. Kaluna, 192 F.3d 1188, 1199 (9th Cir. 1999) (en banc) (rejecting ex post facto challenge to federal Three Strikes law); Garren v. Kramer, 2008 WL 2704342, at *21 (C.D. Cal. July 10, 2008) (following Kaluna in rejecting ex post facto challenge to California Three Strikes law).

---

[1] Citations to page numbers refer to those numbers assigned by the court's docketing system.

1   In light of the precedent cited above, the court will recommend that the instant petition be summarily dismissed pursuant to Rule 4.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED THAT the petition (Dkt. No. 1) be summarily dismissed pursuant to Rule 4.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
smit1865.Rule4

3